## McIntosh Coal Company v. Blue Grass Coal Company, et al.

(Decided June 17, 1924.)

### Appeal from Perry Circuit Court.

1.  Eminent Domain—Private Property can be Taken only for Public Use.—Right of eminent domain can be invoked to take private property for public use only, under Constitution, section 242.
2.  Eminent Domain—Directed Verdict Denying Passway Held Proper when Switch Track Removed Pending Proceeding.—On appeal of landowners to circuit court in proceeding by coal company to condemn right of way · for tramroad, circuit court properly instructed jury to find for defendants, where at that time a switch track to point where tramway was to go had been removed under Ky. Stats., sections 3779a-1, 3779a-14.

MILLER & CRAFT for appellant.

FAULKNER, STANFILL & FAULKNER for appellees.

OPINION OF THE COURT BY SANDIDGE, COMMISSIONER—
Affirming.

The appellee, D. Y. Combs, owns 363.6 acres of land in Perry county, Kentucky, and his co-appellee, Blue

Grass Coal Corporation, by lease, owns the coal in and under it. The appellant, McIntosh Coal Company, holds a coal lease and coal mining privileges upon a seven acre tract of land that is bounded on three sides by the D. Y. Combs land. Appellant also owns a small lot 41.3 feet wide by 99 feet long which adjoins the right of way of the Louisville & Nashville Railroad Company. It instituted a condemnation proceeding in the Perry county court against appellees, D. Y. Combs and Blue Grass Coal Corporation, to condemn a right of way for a tramroad from the small lot owned by it to its seven acre lease, to run from the small lot over the surface of the lands owned by appellee, Combs, a distance of 84.9 feet to the No. 4 outcrop of coal, and then to tunnel through the No. 4 coal a distance of 62 feet to the line of the seven acre tract. Objection was made by the appellees, and seemingly all questions possible were raised as to why the proposed tramroad should be refused. Appellant succeeded in the county court, however, but appellees immediately appealed to the Perry circuit court and on trial there, at the conclusion of appellant's testimony, the court peremptorily instructed the jury to find for appellees. Appellant has prosecuted this appeal from that judgment. The court below assigned no reasons for sustaining the motion of appellees for a peremptory instruction, and counsel representing the parties do not agree as to why the peremptory was given.

We find by section 3779a-1, Kentucky Statutes of 1922, that a tramroad or haul road may be condemned only in case it is "necessary" to enable one "to reach a warehouse, steamboat landing, ferry, railroad switch or navigable stream for the purpose of operating and marketing the products, etc." The right of eminent domain can be invoked to take private property for public use only, never for private. (See section 242 of the Constitution.) The statute, *supra*, has been declared constitutional because it provides that no exclusive use of tramroads or haul roads shall ever be granted to anyone, but that all persons shall have the right to use the same upon paying proper compensation therefor. Section 3779a-14, Kentucky Statutes, a section of the chapter on private passways, provides that no such passways may be established through any town lot, burying ground, buildings or yard without the consent of the owner.

Without passing upon the questions presented as to whether or not the condemnation of the passway in ques-

tion can be justified as a taking of private property for public use, or whether or not such a "necessity" as is contemplated by the statute was shown to exist, or whether or not the proposed passway would take a portion of a "yard," within the meaning of the statute, in view of our uncertainty as to a correct determination of those questions under the facts as presented, we find one feature of the case concerning which we are left in no doubt. The statute authorizes the opening of a tramroad only to enable one "to reach a warehouse, steamboat landing, ferry, railroad switch or navigable stream." When the proceeding was instituted in the Perry county court there was a railroad switch running from the main line of the L. & N. Railroad to the small lot of land owned by appellant. That railroad switch enabled appellant to market its coal after delivering it over the condemned tramroad to the small lot. It was the terminus of the tramroad. Betwen the date of the trial in' the county court and the date of the trial in the circuit court the railroad company removed the switch running from its main line to appellant's lot, and when the case was tried in the court below the proposed tramroad would not enable appellant "to reach a warehouse, steamboat landing, ferry, railroad switch or navigable stream." The case was tried de novo in the circuit court. It was incumbent upon appellant, when there tried, to establish that there was then existing all the facts necessary to entitle it to the relief sought under the statute above. The testimony discloses that this railroad switch had been removed some time prior to the trial had in the Perry circuit court. One of the essentials was missing. As and when tried in the circuit court the proposed tramroad would enable appellant to reach neither a warehouse, nor a steamboat landing, nor a ferry, nor a railroad switch, nor a navigable stream. For that reason, if for no other, the court below properly instructed the jury to find for appellees at the conclusion of the evidence offered by them. Hence, the judgment is affirmed.